# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Sophia Wilansky,

                             Petitioner,

       v.

United States of America; Gary Lee Delorme,
in his official capacity as Assistant United
States Attorney for the District of North
Dakota; Brian James Vanoosbree, in his official
capacity as Special Agent of the Federal Bureau
of Investigation; and Christian Gregory
Freichels, in his official capacity as Special
Agent of the Federal Bureau of Investigation,

                           Respondents,
  and

Morton County, North Dakota,

                           Intervenor.

Case No. 18-cv-0316 (WMW/TNL)

**ORDER GRANTING RESPONDENTS'
MOTION TO DISMISS AND
DENYING PETITIONER'S MOTION
FOR THE RETURN OF SEIZED
PROPERTY**

---

This matter is before the Court on Petitioner's motion for the return of seized

property and Respondents' motion to dismiss for lack of jurisdiction and failure to state a

claim on which relief can be granted. (Dkts. 10, 29.) As addressed below, Petitioner's

motion is denied, Respondents' motion to dismiss is granted, and this case is dismissed

without prejudice.

## BACKGROUND

Petitioner Sophia Wilansky sustained serious injuries when an object exploded

while she was protesting the construction of the Dakota Access Pipeline in North Dakota

on November 21, 2016.  After local doctors concluded that they could not adequately treat Wilansky's injuries, she was flown to Hennepin County Medical Center (HCMC) in Minneapolis, Minnesota, where she underwent surgery.  Surgeons removed a small piece of shrapnel from Wilansky's arm and sent it to HCMC's pathology department.

Agents from the Federal Bureau of Investigation (FBI), including Respondent FBI Special Agent Christian Gregory Freichels, arrived at HCMC the next day.  The FBI agents sought Wilansky's possessions but did not have a warrant.  Wilansky's father offered to permit the FBI to take Wilansky's possessions in exchange for a written agreement to give Wilansky access to the possessions for inspection in the future.  After Special Agent Freichels signed an agreement to that effect with Wilansky's father, the FBI took possession of the clothing Wilansky had been wearing when she was injured.  At some point thereafter, the FBI also obtained from HCMC the shrapnel that had been surgically removed from Wilansky's arm.

Respondent United States of America immediately commenced an investigation into the circumstances pertaining to Wilansky's injury, and a grand jury investigation of the matter began in December 2016.  Wilansky's father called the FBI on December 16, 2016, seeking information about when Wilansky could access her property.  During this phone call, Respondent FBI Special Agent Brian James Vanoosbree refused to give Wilansky access to the property recovered from her during the investigation.  In a letter dated January 20, 2017, Wilansky's father requested that the FBI either return Wilansky's property or permit an independent forensic scientist to conduct an analysis of the items. The FBI did not respond to this letter.

Approximately one month later, Wilansky's father called Respondent Gary Lee Delorme, an Assistant United States Attorney (AUSA) for the District of North Dakota. AUSA Delorme told Wilansky's father that the United States intended to honor its agreement to return Wilansky's property to her. However, because the United States had not completed its investigation, the property would not be returned at that time. Wilansky's father called AUSA Delorme several times between April 2017 and September 2017, and during each conversation AUSA Delorme stated that the United States had not yet completed its investigation. The United States remains in possession of Wilansky's clothing and the shrapnel removed from her arm. To date, criminal charges have not been brought in connection with Wilansky's injuries.

Wilansky commenced this action on February 2, 2018.[1] Count 1 alleges, pursuant to Federal Rule of Criminal Procedure 41(g), that the United States has unlawfully deprived Wilansky of the seized clothing and shrapnel (collectively, "the seized property"). Count 2 alleges that Respondents deprived Wilansky of the seized property without due process of law, in violation of the Fifth Amendment to the United States Constitution. Count 3 alleges that Respondents continue to retain the seized property without a reasonable justification, in violation of the Fourth Amendment to the United States Constitution. The complaint seeks an order either requiring the United States to return the seized property to Wilansky or imposing conditions on the United States during its continued possession and

---

[1] Subsequently, based on a stipulation filed by the parties, the magistrate judge permitted Morton County, North Dakota to intervene "for the limited purpose of having its rights (if any) regarding the property at issue in this action (i.e. the clothing and shrapnel) adjudicated as part of this action."

use of the seized property. Wilansky subsequently filed the pending motion for the return of the seized property, and Respondents filed the pending motion to dismiss Wilansky's complaint.

## ANALYSIS

### I. Respondents' Motion to Dismiss

Respondents move to dismiss Wilansky's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), raising both facial and factual challenges to jurisdiction. Respondents also move to dismiss Wilansky's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Under Rule 12(b)(1), a defendant may challenge the plaintiff's complaint for lack of subject-matter jurisdiction either on its face or on the factual truthfulness of its averments. *See* Fed. R. Civ. P. 12(b)(1); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, the nonmoving party "receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). But when evaluating a factual challenge to subject-matter jurisdiction, the district court may weigh evidence outside the pleadings. *Id.* at 729-30.

Under Rule 12(b)(6), a complaint must be dismissed if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether the complaint states such a claim, a district court accepts as true all factual

allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff, however, must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions that are couched as factual allegations may be disregarded by the district court. *See Iqbal*, 556 U.S. at 678-79. The Court addresses each count of Wilansky's complaint in turn.

## A.     Unlawful Deprivation of Property Claim (Count 1)

Wilansky alleges that the United States has unlawfully deprived her of the seized property, and she seeks an order requiring the United States to return the seized property to her. The United States argues that Wilansky has not established grounds for this Court to exercise subject-matter jurisdiction over this dispute.

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . in the district where the property was seized." Fed. R. Crim. P. 41(g); *see also Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). The district court "must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). If the district court grants the motion, the court must order the return of the property to the movant, but reasonable conditions may be imposed to protect access to the property and its use in later proceedings. *Id.*

When, as here, a Rule 41(g) motion for the return of property is filed *before* the filing of any criminal charges, the motion "is more properly considered a suit in equity rather than one under the Rules of Criminal Procedure." *Black Hills Inst. of Geological Research v. U.S. Dep't of Justice*, 967 F.2d 1237, 1239 (8th Cir. 1992). In such circumstances, an independent cause of action exists for the return of property "based on the general equitable jurisdiction of the federal courts." *Id.* "This remedy should be exercised cautiously and subject to general equitable principles." *Id.*; *see In re Search of 4801 Fyler Ave.*, 879 F.2d 385, 389 (8th Cir. 1989) ("These remedies are extraordinary, and they must be used with restraint."). A district court's exercise of equitable jurisdiction over a cause of action for the return of property initiated before criminal charges are filed is proper only if the movant establishes that (1) the respondent acted with a callous disregard of the Fourth Amendment, (2) the movant will suffer irreparable injury if relief is not granted, and (3) the movant lacks an adequate remedy at law. *4801 Fyler Ave.*, 879 F.2d at 387. The district court also may consider whether the movant has an individual interest in and need for the property. *Black Hills Inst.*, 967 F.2d at 1240. It is the movant's burden to demonstrate that the relevant factors are satisfied. *See 4801 Fyler Ave.*, 879 F.2d at 387.

### 1. Callous Disregard of the Fourth Amendment

It is undisputed that Wilansky's father consented to the initial seizure of Wilansky's clothing and that the United States obtained the shrapnel through a grand jury subpoena. For this reason, Wilansky does not argue that the United States violated the Fourth Amendment when it initially took possession of the seized property. Wilansky argues,

however, that the United States has callously disregarded her Fourth Amendment rights by retaining the seized property for an unreasonable length of time without showing a compelling need for doing so.

When a movant seeks the return of property without challenging the legality of the initial seizure, courts look to the reasonableness of the seizure, including its duration, when analyzing the "callous disregard" factor. *Black Hills Inst.*, 967 F.2d at 1239; *see also Mr. Lucky Messenger Serv., Inc. v. United States*, 587 F.2d 15, 17 (7th Cir. 1978) (observing that "the unreasonable length of time that the Government has held the seized property without charging the plaintiff with any criminal offense . . . may well involve a callous disregard for constitutional rights"). In support of her argument that the United States has retained the seized property for an unreasonable length of time, Wilansky primarily relies on *Black Hills Institute* and *Mr. Lucky*. *See Black Hills Inst.*, 967 F.2d at 1239-40 (finding a callous disregard of the movant's Fourth Amendment rights when the United States seized a "priceless, archaeological treasure" for approximately one month for a criminal investigation that could result in minimal penalties and for which the United States conceded it did not need the property as evidence); *Mr. Lucky*, 587 F.2d at 17 (remanding to the district court to provide the United States an opportunity to present evidence justifying its seizure and retention of $65,000 for more than seventeen months without filing criminal charges).

Wilansky argues that the United States has callously disregarded her Fourth Amendment rights because it has withheld the seized property for more than a year without filing criminal charges or providing any justification. Although the United States has held

the seized property for a length of time considerably longer than the circumstances in *Black Hills Institute*, and comparable to the length of time in *Mr. Lucky*, both cases are distinguishable. In *Black Hills Institute*, the United States conceded that it did not need the seized property as evidence in its potential criminal prosecution. 967 F.2d at 1240. In *Mr. Lucky*, the United States had presented no evidence to justify its delay in returning the seized money, and the Seventh Circuit provided the United States an opportunity to do so on remand. 587 F.2d at 17.

By contrast, the United States maintains that it needs the seized property at issue here because it is part of an ongoing criminal investigation into the circumstances pertaining to Wilansky's injury. In support of this justification, the United States relies on the *ex parte* declaration of an FBI special agent, which describes the ongoing criminal investigation, including testing that has been performed on the seized property during the period in which the United States has possessed the property.[2] Moreover, it is undisputed that the United States obtained the seized clothing through written consent. Although the parties now dispute the scope of that consent, nothing in the written consent imposes a limitation on the length of time during which the United States may retain possession of

---

[2] When necessary to preserve the secrecy of an ongoing criminal investigation, *ex parte* or *in camera* evidence may be used to demonstrate a justification for the delay in returning seized property. *See, e.g.*, *Mr. Lucky*, 578 F.2d at 17; *In re Seizure of One White Jeep Cherokee*, 991 F. Supp. 1077, 1080 n.2, 1084 (S.D. Iowa 1998). Moreover, because the United States challenges the factual truthfulness of Wilansky's assertion that there is not an ongoing good-faith investigation to justify the United States' continued possession of the seized property, the Court may consider this evidence even though it is outside the pleadings. *See Osborn*, 918 F.2d at 729-30 & n.6; *cf.* Fed. R. Crim. P. 41(g) (providing that a district court "must receive evidence on any factual issue necessary to decide" a motion for the return of seized property.

the clothing. For these reasons, *Black Hills Institute* and *Mr. Lucky* are readily distinguishable.[3]

Because Wilansky has not demonstrated that the United States has acted in callous disregard of her Fourth Amendment rights, this factor weighs against exercising equitable jurisdiction.

### 2. Irreparable Harm

Wilansky maintains that she will be irreparably harmed if the seized property is not returned to her. Irreparable harm "must be actual and not theoretical," *Brady v. Nat'l Football League*, 640 F.3d 785, 794 (8th Cir. 2011) (per curiam) (internal quotation marks omitted), and it must be "certain and great and of such imminence that there is a clear and present need for equitable relief," *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) (internal quotation marks omitted).[4] "Simple unsupported allegations

---

[3]     Wilansky relies on several other cases to support her argument that the United States acted in callous disregard of her Fourth Amendment rights. But these decisions also are inapposite. In *Ramsden v. United States*, the United States admitted that its warrantless search and seizure of property violated the plaintiff's Fourth Amendment rights. 2 F.3d 322, 325 (9th Cir. 1993). Neither *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987), nor *United States v. Premises Known as 608 Taylor Avenue*, 584 F.2d 1297, 1303 (3d Cir. 1978), expressly addresses the "callous disregard" factor with respect to the court's equitable jurisdiction. Moreover, *Martinson* involved seized property that the United States continued to retain after the conclusion of a criminal investigation. And in *In re Search Warrant for Premises Known as Encore House*, the United States provided no justification for the length of time it retained the seized property. 100 F.R.D. 700, 703 (S.D.N.Y. 1983). Thus, these decisions do not support Wilansky's position.

[4]     Wilansky argues that establishing irreparable harm for the purpose of invoking this Court's equitable jurisdiction is governed by a different standard than establishing irreparable harm in the context of a preliminary injunction. But Wilansky neither explains how the standard differs as between these contexts nor cites legal authority for this distinction. Moreover, the irreparable-harm analyses in the return-of-property cases on

. . . or speculations as to future harm are not sufficient to establish irreparable injury." *4801 Fyler Ave.*, 879 F.2d at 388. Wilansky advances three arguments as to the irreparable harm she will suffer.

First, Wilansky argues that forensic analysis of the seized property might provide valuable evidence to support her legal claims should she seek financial compensation for her injuries. Some of those legal claims have a two-year statute of limitations, Wilansky contends. But she neither specifies the nature of those legal claims nor provides any evidence or argument as to why she is unable to commence a timely civil action without first obtaining access to or possession of the seized property. Wilansky has not demonstrated irreparable harm on this basis.

Second, Wilansky contends that there is a risk that the seized property will degrade over time. In support of this argument, Wilansky relies on *Black Hills Institute*. But in *Black Hills Institute*, the appellants submitted affidavits to the district court and to the Eighth Circuit from experts who attested that "the government's storage of [a seized] fossil in a machine shop . . . is causing irreparable damage to the specimen." 967 F.2d at 1239. On that basis, the Eighth Circuit concluded that "appellants clearly have made at least a prima facie showing that this damage is probable and remedial steps are necessary." *Id.* at 1240. By contrast, Wilansky has provided no evidence to support her argument that the

_____

which Wilansky relies are consistent with the irreparable-harm standard used in the preliminary-injunction context. *See, e.g.*, *Black Hills Inst.*, 967 F.2d at 1240; *Encore House*, 100 F.R.D. at 701; *One White Jeep Cherokee*, 991 F. Supp. at 1081-82.

seized property will degrade if it remains in the possession of the United States. Wilansky's unsupported speculation is insufficient to demonstrate irreparable harm on this basis.

Third, Wilansky asserts that she has an interest in accessing the seized property "to vindicate herself in the public eye" and to "clear[ ] her name in the face of damaging public accusations." This argument appears to suggest that the threat of future criminal prosecution of her might cause irreparable harm to her public reputation. But the potential stigma of future criminal charges based on seized evidence does not establish that irreparable harm will result if the seized evidence is not returned. *See 4801 Fyler Ave.*, 879 F.2d at 388-89 (concluding that "the possible stigmatization of defending oneself in a criminal trial is an insufficient harm to justify the district court's use of its equitable powers"). Wilansky has not demonstrated irreparable harm on this basis.

Because Wilansky has not demonstrated that she will be irreparably harmed if she does not obtain access to or possession of the seized property, this factor weighs against exercising equitable jurisdiction.

### 3. Adequate Remedy at Law

Wilansky argues that she lacks an adequate remedy at law because, if this Court does not exercise jurisdiction, she will have no opportunity to contest the United States' continued possession of the seized property. The Eighth Circuit has recognized that, in most situations, the remedy of a post-indictment motion to suppress is an adequate remedy. *Pieper v. United States*, 604 F.2d 1131, 1134 (8th Cir. 1979); *accord 4801 Fyler Ave.*, 879 F.2d at 389 (observing that the aggrieved party, if they are criminally prosecuted, "will have an adequate remedy to challenge the search, namely a motion to suppress any

evidence that has been improperly seized").  This legal remedy remains available for Wilansky to pursue if the United States were to criminally charge her.

Wilansky nonetheless asserts that, if she "does not recover the clothing and shrapnel in time to analyze them and use those analyses in her legal case against the perpetrators of her injury, she will have no remedy at law for whatever harm she suffers as a result of this loss of evidence."[5]  But, as addressed above, Wilansky fails to explain why she is unable to commence a civil action against those responsible for her injury before she obtains access to or possession of the seized property.  Moreover, if Wilansky commences a civil action, this will not foreclose legal mechanisms available to her, such as seeking access to the seized property through discovery or requesting a stay, if necessary, to permit the United States to complete its investigation.[6]  Although these alternatives may not produce the immediate results she prefers, Wilansky cites no legal authority, nor is the Court aware of any, that supports the proposition that an adequate remedy at law must be immediately available.

Because Wilansky has not established that she lacks an adequate remedy at law, this factor weighs against exercising equitable jurisdiction.

---

[5]     Wilansky neither argues nor presents any evidence that the seized property has any intrinsic value aside from its potential evidentiary value in possible future litigation.

[6]     The United States also contends that Wilansky may make a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Wilansky counters that she has filed several FOIA requests, but the FBI has denied each request as well as her administrative appeal.  As the United States correctly observes, however, Wilansky may challenge an agency's denial of a FOIA request by filing a complaint in federal district court.  *See* 5 U.S.C. § 552(a)(4)(B).

### 4. Individual Interest and Need

When determining whether to exercise equitable jurisdiction over a claim for the return of seized property, a fourth factor that courts may consider is "whether the party seeking return has an individual interest in and need for the property . . . ." *Black Hills Inst.*, 967 F.2d at 1240. Wilansky asserts that she has an individual interest in and need for the seized property because it is evidence to support her future legal claims. The response of the United States suggests that Wilansky must have an ownership or possessory interest to establish an individual interest or need. The United States maintains that Wilansky has an ownership interest in the clothing but not in the shrapnel.

The United States cites no legal authority in support of its position that one must have an ownership or possessory interest to establish an individual interest in and need for the seized property. In fact, the Eighth Circuit concluded in *Black Hills Institute* that the appellants—a geological research institute and a museum foundation seeking the return of dinosaur bones—"clearly have an interest in preserving the fossil and studying it." 967 F.2d at 1240. The court reached this conclusion while also observing that "[t]he ownership of these bones is not before this court" and "[l]itigation is ongoing as to the rightful owner of" the bones. *Id.* at 1238 & n.1. Similarly, whether Wilansky owns the seized property at issue here is not dispositive of this factor.

Courts have recognized that the individual interest and need factor may not be satisfied if the seized property is "contraband to which the movant was not legally entitled, or property for which the movant had no noteworthy need, such as bet slips or wager tickets." *Mr. Lucky*, 587 F.2d at 17 (collecting cases). Notably, the United States does not

argue here, nor does the record suggest, that any of the seized property is contraband.  It also appears that Wilansky has demonstrated a legitimate need for the seized property— namely, for determining the cause of her injury and seeking redress for that injury.  Because Wilansky has demonstrated that she has an individual interest in and need for the seized property, this factor weighs in favor of exercising equitable jurisdiction.

In summary, three of four relevant factors weigh against exercising equitable jurisdiction.  In light of the caution and restraint with which a district court must exercise equitable jurisdiction, *see Black Hills Inst.*, 967 F.2d at 1239; *4801 Fyler Ave.*, 879 F.2d at 389, Wilansky has not demonstrated that this Court should exercise equitable jurisdiction in this case.  Accordingly, Respondents' motion to dismiss Count 1 of the complaint is granted.  Count 1 is dismissed without prejudice for lack of jurisdiction.

### B.     Constitutional Claims (Counts 2 and 3)

Respondents also move to dismiss Count 2 of Wilansky's complaint, which alleges that Respondents violated her Fifth Amendment right to due process, and Count 3 of Wilansky's complaint, which alleges that Respondents violated her Fourth Amendment right to be free from unreasonable seizures.  Respondents' argument is twofold: first, that the Court lacks subject-matter jurisdiction over Wilansky's constitutional claims; and second, that Wilansky fails to state a claim on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6).

Sovereign immunity bars claims against the United States and federal officials in their official capacities unless Congress unequivocally expresses a waiver of sovereign immunity.  *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993).  As sovereign immunity

14

"is a jurisdictional threshold matter," *Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014) (internal quotation marks omitted), the party invoking federal jurisdiction bears the burden to establish both that Congress has waived sovereign immunity and that the district court has subject-matter jurisdiction over that party's claim, *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Respondents are the United States and three federal officials in their official capacities, all of whom are entitled to sovereign immunity. *See Coleman*, 986 F.2d at 1189. Wilansky's complaint fails to allege or establish either that Congress has waived sovereign immunity or that this Court has subject-matter jurisdiction over her constitutional claims. Wilansky also has not responded to any aspect of Respondents' motion to dismiss her constitutional claims. Based on the record before the Court, Counts 2 and 3 of Wilansky's complaint are dismissed without prejudice for lack of subject-matter jurisdiction.

## II. Wilansky's Motion for the Return of Seized Property

In light of the Court's conclusions, Wilansky's motion for the return of seized property is denied.

### ORDER

Based on the Court's analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.     Petitioner Sophia Wilansky's motion for the return of seized property, (Dkt. 10), is **DENIED**.

2.     Respondents' motion to dismiss, (Dkt. 29), is **GRANTED**.

3.    Petitioner Sophia Wilansky's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  August 27, 2018                              s/Wilhelmina M. Wright
                                                     Wilhelmina M. Wright
                                                     United States District Judge